```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF OKLAHOMA

BLAKE WAYNE IVEY,             )
                              )
          Plaintiff,          )
                              )
v.                            )    Case No. CIV-15-339-RAW-KEW
                              )
CAROLYN W. COLVIN, Acting     )
Commissioner of Social        )
Security Administration,      )
                              )
          Defendant.          )
```

### REPORT AND RECOMMENDATION

Plaintiff Blake Wayne Ivey (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 6, 1983 and was 31 years old at the time of the ALJ's decision. Claimant completed his high school education and obtained his certified nursing assistant license. Claimant has worked in the past as a certified nursing assistant, mixer, dairy worker, and delivery driver. Claimant alleges an inability to work beginning January 26, 2013 due to limitations

3

resulting from Pulmonary Langerhans Cell Histiocytosis ("PLCH").

## Procedural History

On March 27, 2013, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and on April 19, 2013, he filed for supplemental security income under Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On March 31, 2014, an administrative hearing was conducted by Administrative Law Judge ("ALJ") John Belcher by video with Claimant appearing in Poteau, Oklahoma and the ALJ presiding in Tulsa, Oklahoma. The ALJ entered an unfavorable decision on May 29, 2015. The Appeals Council denied review on July 13, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform sedentary work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to

fully develop the record; (2) improperly evaluating the opinions of DDS physicians; and (3) reaching an improper credibility determination.

**Duty to Develop the Record**

In his decision, the ALJ determined Claimant suffered from the severe impairment of PLCH. (Tr. 13). The ALJ concluded that Claimant retained the RFC to perform sedentary work. In so doing, he found Claimant could lift no more than ten pounds at a time, lift and/or carry small items occasionally, with pushing and pulling consistent with lifting. He could stand and/or walk up to two hours in an eight hour workday, with standing and walking limited to 15 minutes at a time, and sit for up to six hours in an eight hour workday. Claimant could occasionally climb stairs, balance, bend, stoop, kneel, crouch, or crawl, but never climb ladders, ropes, or scaffolds. Claimant should be limited to an air-conditioned workspace with only occasional exposure to fumes, odors, dust, toxins, gases, and poor ventilation and with no exposure to hazardous or fast machinery or unprotected heights. (Tr. 15). After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative jobs of inspector, bench assembler, and band attacher, all of which the ALJ found to exist in sufficient numbers both regionally and

5

nationally. (Tr. 220-21). As a result, the ALJ found Claimant was not disabled from January 26, 2013 through the date of the decision. (Tr. 21).

Claimant first contends the ALJ failed to develop the record. At the administrative hearing, Claimant's attorney informed the ALJ that he would like to submit a few more records, including pulmonary function testing from the OU Medical Center in Oklahoma City, Oklahoma from three or four visits. (Tr. 29-30). The ALJ recognized that he did not have medical records from the preceding year and a half concerning Claimant's treatment. (Tr. 30). Claimant's attorney was to get the records to the ALJ in two weeks. (Tr. 60). He stated "[o]nce I receive those medicals, I'll take the case under submission." Id. The records were apparently never submitted prior to the ALJ issuing his decision.

Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues

6

raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361.

In this case, it became apparent during the hearing that the pulmonary testing records of a relevant time period were available and not in the record. The ALJ indicated he would await those record prior to issuing his decision. He did not and should have obtained the records if they were not provided to him. On remand, the ALJ shall obtain the testing records and evaluate any impact that they may have upon his decision.

**Consideration of the Opinion Evidence**

Claimant contends the ALJ erred in failing to explain why he did not consider the limitation imposed by the DDS physicians for Claimant to avoid moderate exposure to fumes, odors, dusts, gases, and poor ventilation. Dr. Suzanne Roberts found such a limitation

7

in a report of September 19, 2013. (Tr. 89). An identical restriction was found by Dr. Karine Lancaster on July 3, 2013. (Tr. 77). The ALJ gave both of these opinions "little weight" but he did so because these physicians found Claimant could perform at a **higher** exertional level than he did in his RFC. (Tr. 19). He did not explain why he failed to adopt the more restrictive finding on exposure to pulmonary irritants.

The ALJ is required to consider every medical opinion in reaching his assessment and must provide specific, legitimate reasons for rejecting an opinion. Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003). It appears internally inconsistent to have rejected the opinions because they were not sufficiently restrictive yet omit the more restrictive finding on pulmonary exposure. On remand, the ALJ shall explain the basis for the rejection of these opinions.

### Credibility Analysis

Claimant testified at the hearing that he suffered from PLCH. He said he could not breathe. He took a shower on the day of the hearing and had to stop three times to catch his breath. Doctors have told him that if it gets any worse they are going to put him on a list for a double lung transplant. (Tr. 41). He stated that the pulmonary testing showed the bottom half of his lungs work at

8

42 percent and the top half at 57 percent. Medication have not helped his condition. The condition does not cause pain other than chest soreness. Any exertion causes problems breathing. Activities such as talking too much and walking too fast causes him problems. (Tr. 42). Walking 15 feet to the building caused him to be out of breath. He does not get a good night's sleep because of breathing problems. He feels fatigued and has a lack of energy. (Tr. 43).

Claimant stated that a jug of milk is the heaviest thing he lifts. He can slide a twenty pound bag of dog food. (Tr. 44).

He does not have difficulty driving. He goes every day to the gas station or to pick up his kids from school. (Tr. 45).

He visits his mother, goes to church, attends his son's baseball games. (Tr. 46-47). He cannot throw a baseball with his son due to his condition. (Tr. 47).

Claimant does not cook or clean the house or do laundry but he does grocery shop. (Tr. 48). His son mows the lawn and takes out the garbage. He states that the heat bothers him and he gets out of breath easier in the summer. The cold bothers him and makes it harder to breathe as well. (Tr. 49).

Claimant quit being a CNA because his lung collapsed and his breath became shorter and shorter. (Tr. 50). He does not believe

9

he could do a sit down job because he gets out of breath easily. He does not believe he could last an eight hour workday. (Tr. 53).

Claimant spends his days watching television, going outside to watch his kids, reading, and playing games on the internet. (Tr. 54).

The ALJ recognized this testimony but concluded his statements were only "partially credible." (Tr. 17). While the ALJ recites a good deal of medical evidence that both supports limitations and mitigates them, the record is incomplete since a significant amount of pulmonary testing data was not considered.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain

10

or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.  Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391.  However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ shall reassess his credibility findings once he has obtained the pulmonary testing from OU Medical Center.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social

11

Security Administration should be **REVERSED** and the case **REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of August, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE